Slip Op. 17-155

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **VALEO NORTH AMERICA, INC. ET AL.,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>    **Defendant,**<br><br>**and**<br><br>**ALUMINUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP ET AL.,**<br><br>    **Defendant-Intervenors.** | **Before: Claire R. Kelly, Judge**<br><br>**Court No. 17-00264** |

## OPINION AND ORDER

[The Court dismisses the action for lack of subject matter jurisdiction.]

Dated: November 20, 2017

Daniel J. Cannistra and Alexander Hume Schaefer, Crowell & Moring, LLP, of Washington, DC, and Frances Pierson Hadfield, Crowell & Moring, LLP, of New York, NY, for Valeo North America, Inc.

Kristen S. Smith, Sandler, Travis & Rosenberg, P.A., of Washington, DC; Arthur K. Purcell, Sandler, Travis & Rosenberg, P.A., of New York, NY; David John Craven, Sandler, Travis & Rosenberg, P.A., of Chicago, IL; and Emi Ito Ortiz, Sandler, Travis & Rosenberg, P.A., of Miami, FL, for Mahle Behr Dayton, L.L.C., Mahle Behr Charleston, Inc., Mahle Behr Troy Inc., and Mahle Industries, Inc.

Hardeep K. Josan, International Trade Field Office, U.S. Department of Justice, of New York, NY, and Joshua Ethan Kurland, Commercial Litigation Branch – Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant.  With them on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.  Of Counsel on the brief was Khalil N. Gharbieh, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

John M. Herrmann, II, Grace Whang Kim, Kathleen Weaver Cannon, Paul Charles Rosenthal, Kelley Drye & Warren, LLP, of Washington, DC, for Aluminum Association Trade Enforcement Working Group and its individual members.

Kelly, Judge:   This matter is before the court on Plaintiffs' application for a temporary restraining order ("TRO").  Mot. [TRO] and Mem. Supp. Pl.'s Mot. App. [TRO], Nov. 6, 2017, ECF No. 6 ("Pl. TRO").  Plaintiffs Valeo North America, Inc., Mahle Behr Dayton, L.L.C., Mahle Behr Charleston, Inc., Mahle Behr Troy Inc., and Mahle Industries, Inc. (collectively "Plaintiffs")[1] are importers of subject merchandise in the antidumping investigation of certain aluminum foil from the People's Republic of China ("PRC" or "China"), in which the Department of Commerce issued an affirmative preliminary determination on November 2, 2017.   Antidumping Duty Investigation of Certain Aluminum Foil from the [PRC], 82 Fed. Reg. 50,858 (Dep't Commerce Nov. 2, 2017) ("Prelim. Results").  Plaintiffs request the court to: 1) restrain Commerce from issuing instructions to the United States Customs and Border Protection ("CBP") to collect cash deposits for antidumping duties on Plaintiff's imports of certain aluminum foil from the PRC, pursuant to the preliminary determination, and 2) enjoin CBP from collecting cash deposits on Plaintiffs' aluminum foil imports.[2]  See Pl. TRO 1; see also Prelim. Results. For the reasons that follow, the case is dismissed for lack of subject matter jurisdiction.

---

[1] The complaint establishes that Plaintiffs are "automotive suppliers and partners to automakers worldwide," who are "based in Michigan and do business in all 50 states."  Compl. 2, Nov. 6, 2017, ECF No. 5.

[2] While Plaintiffs do not request relief from suspension of liquidation, Defendant points out that the effect of granting the TRO would be to lift the suspension of liquidation on Plaintiffs' entries. See Teleconference 00:24:41–00:26:38, Nov. 7, 2017, ECF No. 20.

## BACKGROUND

Plaintiffs' underlying action challenges as untimely Commerce's preliminary determination in this investigation.[3]   See Compl., Nov. 6, 2017, ECF No. 5.   Plaintiffs allege that, because Commerce did not issue the preliminary determination within the statutorily prescribed timeframe, the preliminary determination "is invalid, unlawful, and due to be set aside."  Id. at 1; see Section 733 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1673b(c)(1) (2012).[4]   Plaintiffs request that the court therefore declare the affirmative preliminary determination invalid and declare that, in failing to issue a determination within the statutory timeframe, Commerce effectively issued a negative preliminary determination.   Id. at 8.   Plaintiffs allege jurisdiction under 28 U.S.C. § 1581(i)(2) (2012),[5] see Compl. ¶ 6, which establishes the Court's jurisdiction over civil actions "commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue."  28 U.S.C. § 1581(i)(2).

During a telephone conference held with counsel to the parties on November 7, 2017, Defendant indicated that it opposed Plaintiffs' application for a TRO on both jurisdictional and substantive grounds.  Teleconference, Nov. 7, 2017, ECF No. 20.  The

---

[3] For the purposes of this opinion, the court will assume the factual allegations as alleged by Plaintiffs in their complaint and briefs are true.  Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted).

[4] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of the U.S. Code, 2012 edition.

[5] Further citation to Title 28 of the U.S. code is to the 2012 edition.

court requested that the parties brief the issue of jurisdiction. Order, Nov. 8, 2017, ECF

No. 22. The parties submitted briefs in support of their respective positions regarding the

Court's jurisdiction over this action. Pls.' Br. Supp. Jurisdiction, Nov. 13, 2017, ECF No.

30 ("Pls.' Br."); Def.'s Mem. Re. Jurisdiction, Nov. 13, 2017, ECF No. 31 ("Def.'s Br.").

Plaintiffs argue that the preliminary determination is <u>ultra vires</u> because, in publishing the

preliminary determination after the statutory deadline, Commerce created "a seriously

and irredeemably flawed investigative process," Pls.' Br. 4, in which Plaintiffs contend

they should not be required to continue participating. <u>Id.</u> at 9, 13–14. Plaintiffs contend

that any relief available under 28 U.S.C. § 1581(c) "would be manifestly inadequate,"

because 19 U.S.C. § 1516a does not explicitly permit interested parties to challenge

preliminary dumping determinations and alleging that there are significant "practical

consequences" to challenging the preliminary determination in a challenge to the final

determination under 28 U.S.C. § 1581(c). <u>Id.</u> at 12. Defendant responds that jurisdiction

under 28 U.S.C. § 1581(i) is improper because, upon completion of the investigation,

Plaintiffs could seek relief pursuant to 28 U.S.C. § 1581(c). Def.'s Br. 4–5. Defendant

emphasizes that relief under 1581(c) is not manifestly inadequate because "[P]laintiffs will

not lose the opportunity for full relief by awaiting the final determination," <u>id.</u> at 1, and the

harm alleged—the paying of cash deposits—is speculative and impermanent. <u>Id.</u> at 5–8.

## DISCUSSION

It is well established that "federal courts . . . are courts of limited jurisdiction marked

out by Congress." <u>Norcal/Crosetti Foods, Inc. v. United States</u>, 963 F.2d 356, 358 (Fed.

Cir. 1992) (quoting <u>Aldinger v. Howard</u>, 427 U.S. 1, 15 (1976), <u>superseded by statute on</u>

other grounds); see Judicial Improvements Act, Pub. L. No. 101-650, 104 Stat. 5089, as

recognized in Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 557 (2005).  The

court must enforce the limits of its jurisdiction, including by dismissing a case for lack of

subject matter jurisdiction on its own motion when necessary.  See, e.g., Cabral v. United

States, 317 Fed. Appx. 979, 980 n.1 (Fed. Cir. 2008) (citing Arctic Corner, Inc. v. United

States, 845 F.2d 999, 1000 (Fed. Cir. 1988)).

Under 28 U.S.C. § 1581(i), the Court has jurisdiction to hear "any civil action

commenced against the United States, its agencies, or its officers, that arises out of any

law of the United States providing for-- . . . (2) tariffs, duties, fees, or other taxes on the

importation of merchandise for reasons other than the raising of revenue."  28 U.S.C.

§ 1581(i)(2).  However, § 1581(i) "shall not confer jurisdiction over an antidumping or

countervailing duty determination which is reviewable[]by the Court of International Trade

under section 516A(a) of the Tariff Act of 1930[, as amended, 19 U.S.C.

§ 1516a(a)].. . . ."  28 U.S.C. § 1581(i).  The legislative history of § 1581(i) demonstrates

Congress intended "that any determination specified in section 516A of the Tariff Act of

1930, [as amended,] or any preliminary administrative action which, in the course of the

proceeding, will be, directly or by implication, incorporated in or superceded by any such

determination, is reviewable exclusively as provided in section 516A."  H.R.Rep. No. 96–

1235, at 48 (1980), reprinted in 1980 U.S.C.C.A.N. 3729, 3759–60.  Thus, the Court's §

1581(i) jurisdiction is available only if the party asserting jurisdiction can show the Court's

§ 1581(a)–(h) jurisdiction is unavailable, or the remedies afforded by those provisions

would be manifestly inadequate.  See Miller & Co. v. United States, 824 F.2d 961, 963

(Fed. Cir. 1987) ("Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." (citations omitted)).

When jurisdiction under another provision of 28 U.S.C. § 1581 "is or could have been available, the party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate." Miller & Co., 824 F.2d at 963 (citations omitted). That judicial review may be delayed by requiring a party to wait for Commerce's final determination is not enough to render judicial review under § 1581(c) manifestly inadequate. Gov't of People's Republic of China v. United States, 31 CIT 451, 461, 483 F. Supp. 2d 1274, 1282 (2007). Neither the burden of participating in the administrative proceeding nor the business uncertainty caused by such a proceeding is sufficient to constitute manifest inadequacy. See, e.g., id., 31 CIT at 461–62, 483 F. Supp. 2d at 1283 (citing FTC v. Standard Oil, 449 U.S. 232, 244 (1980)); Abitibi–Consolidated Inc. v. United States, 30 CIT 714, 717–18, 437 F. Supp.2d 1352, 1356–57 (2006). Essentially, the type of review sought by a plaintiff asserting the Court's § 1581(i) jurisdiction must not already be provided for by 19 U.S.C. § 1516a. Abitibi–Consolidated Inc., 30 CIT at 717–18, 437 F. Supp. 2d at 1356–57.

The Court's 28 U.S.C. § 1581(c) jurisdiction makes final determinations by Commerce reviewable pursuant to 19 U.S.C. § 1516a(a)(2). See 28 U.S.C. § 1581(c). The Court of Appeals for the Federal Circuit has held that § 1516a(a)(2) allows for judicial review of both matters of procedural correctness, as well as the substantive merits of the determination. See Miller & Co., 824 F.2d at 964 ("Under 28 U.S.C. § 1581(c) and 19

U.S.C. § 1516a, the procedural correctness of a countervailing duty determination, as well as the merits, are subject to judicial review." (citations omitted)).  That Commerce has conducted the administrative proceeding in a manner that is contrary to law is an allegation made expressly reviewable by 19 U.S.C. § 1516a(b)(1), which directs the court to "hold unlawful any determination, finding, or conclusion found-- . . . (B)(i) in an action brought under paragraph (2) of subsection (a) of this section, to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . . ."  19 U.S.C. § 1516a(b)(1).

Review under 19 U.S.C. § 1516a, brought pursuant to 28 U.S.C. § 1581(c), does not foreclose the remedy Plaintiffs seek.  Plaintiffs allege that Commerce exceeded its statutory authority and acted contrary to law by publishing the preliminary determination more than 190 days after the initiation of the investigation.  See Compl. ¶¶ 2, 16, 31 ("Federal law does not empower Commerce to make an affirmative preliminary dumping determination outside of that timeframe."), 33–34; see Pl. TRO 8.  Plaintiffs ask the court to declare the preliminary determination invalid, such that the preliminary determination is deemed negative.  Compl. at 8.  Plaintiffs can make the identical claim in a case under 19 U.S.C. § 1516a once the determination is final.  The court could at that time find the determination to be contrary to law and/or not supported by substantial evidence, and remand to the agency.  Importantly, Plaintiffs, if ultimately successful, would get all the relief then that they could get now.[6]

---

[6] Plaintiffs allege that they will face "immediate harmful consequences" if subjected to the cash

(footnote continued)

Plaintiffs have not met their burden of establishing that the available remedy pursuant to 28 U.S.C. § 1581(c) would be manifestly inadequate.  Miller & Co., 824 F.2d at 963 (explaining that, when jurisdiction under another provision of 28 U.S.C. § 1581 "is or could have been available, the party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate.").  The court understands that Plaintiffs would prefer that the preliminary determination be deemed invalid and, therefore, negative, so that Plaintiffs' imports are not subject to the collection of cash deposits in the interim period between the publication of the preliminary determination and the final determination.  See Pl. TRO 9.  However "paying deposits pending court review is an ordinary consequence of the statutory scheme."  MacMillan Bloedel Ltd. v. United States, 16 CIT 331, 333 (1992).  The statutory scheme provides a remedy for Plaintiffs' alleged harm.  Plaintiffs' remedy is to continue participating in the administrative proceedings below until they are concluded with the final determination at which point Plaintiffs may, if they choose, appeal Commerce's final determination by filing suit in this Court under § 1581(c), challenging the final determination as not supported by substantial evidence and/or contrary to law.  Plaintiffs have not demonstrated that the available remedy pursuant to § 1581(c) would be manifestly inadequate.  See Miller & Co., 824 F.2d at 963 (explaining that, when jurisdiction under another provision of § 1581 "is or

---

deposit rate established in the preliminary determination, which has the effect of extinguishing what Plaintiffs refer to as the "rightful statutory cap on provisional duties" of zero percent that would result if the preliminary determination were deemed negative.  Pl. TRO 9.  However, exposure to cash deposits is not a recognized harm that would render the available relief under § 1581(c) manifestly inadequate; paying cash deposits is a recognized consequence of the system.  See MacMillan Bloedel Ltd. v. United States, 16 CIT 331, 333 (1992).  Plaintiffs can be made whole in a § 1581(c) case if their claims are ultimately successful.

could have been available, the party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate.").

Plaintiffs contend that their case is indistinguishable from cases in which this Court has determined that jurisdiction exists under 28 U.S.C. § 1581(i), where previous plaintiffs sought "to be 'excused from further participation in an ongoing <u>ultra vires</u> proceeding.'" Pls.' Br. 14 (<u>quoting</u> <u>Diamond Sawblades Mfrs. Coal. v. U.S. Dep't of Commerce</u>, 38 CIT __, __, 11 F. Supp. 3d 1303, 1309 (2014)).  Plaintiffs contend that, similarly, here "[t]he sole issue is whether Commerce has exceeded the scope of its statutory authority in a way that renders the investigation as a whole <u>ultra vires</u>."  <u>Id.</u>  The cases cited by Plaintiffs involve claims that errors within the proceedings rendered the proceedings as a whole <u>ultra vires</u>, and the plaintiffs in those cases sought to stop the proceedings altogether. <u>See</u> <u>Diamond Sawblades</u>, 38 CIT, 11 F. Supp. 3d at 1309–10 (determining that § 1581(i) jurisdiction was proper in a challenge to a sunset review where Plaintiffs sought to halt the review on the grounds that the underlying order had been commenced too early); <u>Carnation Enterprises Pvt., Ltd. v. U.S. Dept. Commerce</u>, 13 CIT 604, 610, 719 F. Supp. 1084, 1089 (1989) (determining that § 1581(i) jurisdiction was proper in a challenge to an administrative review that Plaintiffs alleged had "become illegal because of errors found in the original order.").  Similarly, in other cases relied on by Plaintiffs, the court emphasized that the opportunity for full relief would be lost by awaiting the final determination because Plaintiffs sought to stop the administrative reviews at issue due to alleged errors which Plaintiffs claimed rendered the proceedings flawed.  <u>See, e.g.,</u> <u>Dofasco Inc. v. United States</u>, 28 CIT 263, 268, 326 F. Supp.2d 1340, 1346–47 (2004)

(determining that jurisdiction under § 1581(i) is appropriate where the relief under 1581(c) would be manifestly inadequate because the relief sought was "freedom from participation in the administrative review," and requiring Plaintiff to await the publication of the final determination to "challenge the lawfulness of the administrative review[]would mean that [Plaintiff's] opportunity for full relief–i.e., freedom from participation in the administrative review–would be lost."), aff'd, 390 F. 3d 1370 (Fed. Cir. 2004); Asociacion Colombiana de Exportadores de Flores v. United States, 13 CIT 584, 586, 717 F. Supp. 847, 850 (1989) ("[Plaintiffs'] desired objective [to stop the administrative review] cannot be obtained through a judicial challenge instituted after the administrative review has been completed. By that time, this aspect of plaintiffs' action would be moot."); Jia Farn Mfg. Co. v. United States, 17 CIT 187, 189, 817 F. Supp. 969, 972 (1993) ("Since the opportunity for plaintiff to challenge Commerce's authority to conduct an administrative review may be lost by awaiting the final determination, the court holds that the remedy provided under § 1581(c) would be 'manifestly inadequate,' and the court has jurisdiction under § 1581(i).").

Although Plaintiffs may state that the procedural defect on which they rely here renders the proceeding itself ultra vires, see Pls.' Br. 4, 9, 14, they are not claiming, nor could they claim, that the proceeding should terminate as a result of the alleged defect. Plaintiffs simply contend that the preliminary determination should be negative because it was published outside the statutorily-prescribed time frame.[7] See Compl. 8. The court

---

[7] Plaintiffs contend that "Commerce's failure to issue its preliminary determination by the statutory

(footnote continued)

does not reach the merits of Plaintiffs' claim but notes that, even if Plaintiffs were correct,

a negative preliminary determination by Commerce does not stop the proceedings.  The

situations presented in these cases are distinguishable from the present case, and

Plaintiffs' arguments to the contrary are unsuccessful.

## CONCLUSION

For the foregoing reasons, the action is dismissed for lack of subject matter

jurisdiction.  Judgment will enter accordingly.


   /s/ Claire R. Kelly  
Claire R. Kelly, Judge


Dated: November 20, 2017
      New York, New York

---

deadline, and Commerce's decision to backdate the preliminary determination once it was issued, have compromised the investigative process in a way that renders any result from the process unreliable." Pls.' Br. 4.  However, a claim that the proceedings are rendered unreliable is not akin to a claim that the proceedings are ultra vires, as a claim of unreliability can be reviewed in an action brought pursuant to § 1581(c).  If the court determined that a proceeding was unreliable, the court would determine that the proceeding was not supported by substantial evidence.